IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CASSANDRA ALEXANDER,

    Plaintiff,

v.                                                                     No. 1:18-cv-01220-JDB-egb

LEXINGTON ASSOCIATES II,
L.P., *et al.*,

    Defendants.

___

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED APPLICATION TO PROCEED
*IN FORMA PAUPERIS* OR PAY THE CIVIL FILING FEE
___

    Before the Court is the motion of the Plaintiff, Cassandra Alexander, to proceed *in forma pauperis* ("IFP") in this matter. (Docket Entry ("D.E.") 2.) Title 28 U.S.C. § 1915(a) permits courts to authorize "the commencement . . . of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees . . ., by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1). The purpose of the provision is to "insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation." *Carroll v. OneMain Fin. Inc.*, No. 14-cv-14514, 2015 WL 404105, at *1 (E.D. Mich. Jan. 29, 2015). "Although pauper status does not require absolute destitution, the question is whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Proceeding IFP "is a privilege, not a right." *Laslau v. Comm'r of Soc. Sec.*, Civil Action No. 16-CV-11372, 2016 WL 3406015, at *1 (E.D. Mich. June 21, 2016). The determination of whether to grant an application

to proceed IFP is within the discretion of the court. *Coburn v. Comm'r of Soc. Sec.*, Case No. 18CV668, 2018 WL 2156521, at *1 (N.D. Ohio May 10, 2018). "A sufficient affidavit demonstrates that one cannot, because of his or her poverty, afford to pay the costs of litigation and still provide for the necessities of life." *Laslau*, 2016 WL 3406015, at *1.

The Plaintiff in this matter indicated on the first page of her application that her average gross monthly income during the past twelve months from employment amounted to $13,000. On the second page, in response to a query concerning her employment over the last two years, she listed only one job, at a nursing home in Adamsville, Tennessee, that began September 18, 2018, where her gross earnings were $1,200 monthly. Alexander reported no cash on hand or bank accounts and offered no explanation as to the discrepancy in the gross employment income reported.

Based on the information provided by the Plaintiff, the Court is unable to determine whether she is eligible for indigency status. Therefore, Alexander is DIRECTED to file an amended application or pay the full filing fee within thirty days of the entry of this order. In the amended application, she is directed to cure any errors made in the initial application or, if it was correct, explain the difference in income, as described in the preceding paragraph, at question number eleven on page five of the form. Failure to timely respond to this order will result in dismissal of this action.

IT IS SO ORDERED this 9th day of November 2018.

                                                  s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE