IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CASSANDRA ALEXANDER, Individually
and as Next Friend of her Minor Child,
A.A.,

    Plaintiff,

v.                                       No. 1:18-cv-01220-JDB-jay

LEXINGTON ASSOCIATES II, L.P.,
*et al.*,

    Defendants.

---

ORDER GRANTING MOTION OF DEFENDANT LEXINGTON ASSOCIATES II, L.P. TO DISMISS

---

The complaint in this matter was brought on November 6, 2018, by the Plaintiff, Cassandra Alexander, individually and as next friend of her minor child, A.A., against the Defendants, Lexington Associates II, L.P. ("Lexington"); Volunteer Management and Development, Inc. ("Volunteer Management"); Shelia Clark; and Casey Triplett, alleging violations of the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq.* (the "FHA"). (Docket Entry ("D.E.") 1.) Before the Court is Lexington's motion to dismiss Plaintiff's claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 30.)

The rule authorizes dismissal of claims against a defendant for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Kanuszewski v. Mich. Dep't of Health & Human Servs.*, 927 F.3d 396, 412 (6th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks

omitted). In ruling on a motion to dismiss, a court is to "[a]ccept[] all allegations in the complaint as true, and draw[] all reasonable inferences in plaintiff['s] favor." *In re: Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 276 (6th Cir. 2019). Dismissal is appropriate "when no set of facts exists which would entitle the plaintiff to recover" against a particular defendant. *Johnson v. Equity Title & Escrow Co. of Memphis, LLC*, 476 F. Supp. 2d 873, 876 (W.D. Tenn. 2007).

According to her pleading, Alexander resided with her minor son at the Hill Crest Place Apartments in Lexington, Tennessee, a complex owned by Lexington and managed by Volunteer Management. At that time, she benefitted from a subsidy provided by the United States Department of Agriculture. The Plaintiff alleges that she suffers from a mental disability. Prior to moving into the complex in May 2016, she had been prescribed an assistive animal, a dog named Bonnie, and informed Defendant Clark, who at the time was the on-site property manager and agent of Volunteer Management, of that fact. After completing the required reasonable accommodation form and presenting it to Clark, Alexander was granted verbal approval to have the animal in her apartment, with the caveat that it could not exceed forty pounds or be an aggressive breed.

In early June 2016, Clark approached the Plaintiff and instructed her to remove the dog, as it "looked too much like a pit bull." (D.E. 1 at PageID 4.) She complied, but discovered she could not live without an assistive animal. Consequently, Alexander selected another dog, a Boston Terrier/Chihuahua mix named Rebel. Because she had previously been granted permission to have an assistive animal on the premises, she did not seek separate approval for Rebel. On June 27, 2016, Clark became aware of the dog's presence and issued a lease violation notice to the Plaintiff for having an "unauthorized pet." (*Id.* at PageID 5.) Clark advised Alexander that, in order to keep the dog, she would have to submit a new reasonable accommodation form, which she did.

2

On July 22, 2016, Clark was replaced as property manager by Defendant Triplett. The new manager began targeting the Plaintiff for harassment by continually issuing baseless lease violation notices, peering into her vehicle while it was parked, and taking photographs of her while she was off the apartment property with her minor child and his father. On August 28, 2016, she was served with a thirty-day notice to vacate her apartment for alleged violations including the presence of an unauthorized person in her unit, complaints by other tenants, and having an unauthorized pet. The following day, Triplett called animal control while Alexander was away and had Rebel removed from the premises on the grounds that he had been left in the apartment alone for several days. Alexander also alleges that her unit was entered and ransacked during her move by apartment complex staffers at Triplett's direction.

The FHA prohibits discrimination against any person because of a handicap with respect to the rental of a dwelling. 42 U.S.C. § 3604(f)(2)(A); *Bank of Am. Corp. v. City of Miami, Fla.*, 137 S. Ct. 1296, 1306-07 (2017). Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). It is also unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of [her] having exercised or enjoyed, . . . any right granted or protected by section . . . 3604 . . . ." 42 U.S.C. § 3617.

The only allegation in the complaint directed specifically at Lexington is that it owns Hill Crest Place Apartments. (D.E. 1 ¶ 7.) It is Lexington's assertion in its motion to dismiss that this allegation is in itself insufficient to impose liability.

"[I]t is well established that the [FHA] provides for vicarious liability." *Meyer v. Holley*, 537 U.S. 280, 285 (2003). The United States Supreme Court "has assumed that, when Congress

creates a tort action, it legislates against a legal background of ordinary tort-related vicarious liability rules and consequently intends its legislation to incorporate those rules." *Id.* "It is [also] well established that traditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment." *Id.*

However, Plaintiff has made no allegation whatever that an agency or employment relationship exists between Lexington and the remaining Defendants. Thus, it is the opinion of the Court that she has fallen short of pleading plausible facts to establish a basis for vicarious liability. Dismissal of the claims against Lexington is therefore warranted. *See West v. DJ Mortg., LLC*, 271 F. Supp. 3d 1336, 1355 (N.D. Ga. 2017) (in suits under the FHA, "[t]raditional rules require a plaintiff to first establish that a principal-agent relationship exists."). The motion to dismiss is GRANTED.

IT IS SO ORDERED this 19th day of July 2019.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE